UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| DOLORES JOURNELL, | Case No. 1:19-cv-1060 |
| Plaintiff, | Dlott, J. |
| v. | Bowman, M.J. |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

**MEMORANDUM OPINION AND ORDER**

This case is before the undersigned on Plaintiff's sixth motion seeking an extension of time in which to comply with a Court deadline. The Court grants the motion only in part.

**I.   Background**

On December 13, 2019, through counsel, Plaintiff initiated this case, seeking to appeal a decision of the Commissioner of Social Security under the Social Security Act. Once the Certified Administrative Record has been filed in a social security case,[1] Local Rule 8.1 requires a Statement of Errors to be filed within 45 days. Following the Statement of Errors, the Defendant has an additional 45 days in which to file a response brief, after which the Plaintiff may file a reply. At a minimum, Plaintiff must file a Statement of Errors and the Commissioner must file a response before the case is ripe for the Court's consideration. In lieu of following that briefing schedule in this case, Plaintiff's counsel

---

[1] Pursuant to delays associated with the global COVID-19 pandemic, the Commissioner sought multiple extensions of time before filing the Certified Administrative Record on February 9, 2021. The Court found good cause for an unusual number of extensions based upon the fact that the above-captioned case fell into a "very small subset of files that [was] still stored in paper format," which were delayed due to the suspension of in-person services who were required to physically scan the paper case files. (*See*, *e.g.*, Doc. 19, Status Report). Pursuant to the Court's direction, the Commissioner filed monthly status reports to update the Court on the agency's progress in filing the record.

has filed a total of **six** separate motions seeking extensions of time in which to file the Statement of Errors.

Although none of the extensions have been opposed (thus far) by the Commissioner, the continued grant of unlimited extensions of time runs counter to the interests of justice. The Court is not without great sympathy for counsel's predicament, which easily satisfied the "good cause" standard for extensions of the Court's initial deadlines. The Court exercised its discretion to grant the first five extensions by notational order, despite the fact that Plaintiff's fourth and fifth motions (arguably) were deficient in explaining the basis for those additional extensions. At this juncture, however, and considering the interests of Plaintiff, of the public and of this Court, Plaintiff's counsel has failed to demonstrate good cause for further extension.

## II. Analysis

### A. Good Cause Shown for Initial Extensions

In Plaintiff's first motion (seeking a 60-day extension), Mr. Stevenson reported that Catherine Heid (his spouse and the other attorney in his office) suffered a brain aneurism and bleeding in the brain on March 20, 2021 after a fall that fractured her skull. (Doc. 21). Ms. Heid was initially released to a rehabilitation hospital but then transferred back to the ICU on April 5, 2021. The first motion further reported that also on April 5, 2021, Mr. Stevenson's foster son (who has lived with him for two years) developed "severe psychiatric problems with hallucinations and was admitted into a separate hospital." (*Id.* at 2). Mr. Stevenson explained that he was unable to timely file the Statement of Errors because he "had to drop all matters in order to have [his wife] removed from the 260

2

cases" she was prosecuting. (*Id*.) In addition to lengthy travel to visit his wife and deal with her cases, Mr. Stevenson reports driving 1.5 hours round trip to participate in his foster son's psychiatric group home treatment sessions. He states that he "attempted to have other counsel assist him in the preparation of the first statement of errors but knows of no individual willing to do so." (*Id*.) At the end of the first sixty-day extension, Plaintiff sought an additional 60-day extension, citing identical reasons. (Doc. 22). Just before the expiration of that extension, on July 23, 2021, Plaintiff's counsel sought a third extension for another 30 days, again citing identical reasons. (Doc. 23).

In a fourth motion (seeking another 60-day extension), Plaintiff counsel reports that Ms. Heid "is now in a rehabilitation hospital in Waverly, Ohio, but may be transferred back to Columbus, Ohio, pending assessment." (Doc. 24 at 2). Somewhat confusingly, later in the same motion Mr. Stevenson reports that Ms. Heid was moved to various facilities before "returning to a locked ward on July 30, 2021," and adds that "Ms. Heid has been transferred to Sun Behavioral Health in Columbus, Ohio, on August 6, 2021, as well as an ER admission from Sun on August 11, 2021." (Doc. 24 at 2). In the meantime, Mr. Stevenson reports that his foster son continues to reside in a psychiatric group home in Lawrence County, Ohio where Mr. Stevenson drives to participate in treatment sessions. Plaintiff's counsel's fifth motion for another 60-day extension was notationally granted even though it provided no new information or updates beyond August 11, 2021.

### B. The Lack of Good Cause for Further Extension

On December 28, 2021, the day *after* the deadline most recently set by this Court, Mr. Stevenson filed a sixth motion seeking yet another 60-day extension, until February

3

25, 2022. (Doc. 15). The recent motion provides no further information that would suggest why additional time might achieve a different result. In short, the current motion does not show good cause for any further extension. Under Rule 41(b), Fed. R. Civ. P., this Court routinely dismisses cases where litigants repeatedly disregard deadlines or otherwise fail to prosecute.[2] This case is not yet at that point, but soon could be if a Statement of Errors - originally due nearly 7 months ago - is not filed. In addition to counsel's failure to demonstrate good cause for further extension in the recent motion, the undersigned can conceive of no grounds that would satisfy that standard on the record presented.

At this point, the undersigned is compelled to reiterate her sympathy for the personal tragedies that have befallen counsel and his family. However, further extensions are *highly detrimental* to the interests of the Plaintiff (who alleges she has been unjustly denied benefits), to the Commissioner (who will be forced to defend a stale case and potentially pay a higher amount of back benefits), to the public, and to this Court.[3] "Justice delayed is justice denied" may be an old adage, but it undoubtedly rings true. For many reasons, the number and length of extensions granted to date in this case is unusual.[4]

Still, considering the Commissioner's lack of opposition, and to avoid undue

---

[2]*See Miscevich v. Secretary of HHS*, 1995 WL 222192, at *5 n.1 (6th Cir. 1995) ("Although Rule 41 does not specifically provide for *sua sponte* dismissal, a court may dismiss *sua sponte* based on its inherent power to dispose of cases in an orderly fashion.") (additional internal citations omitted).
[3]Delayed cases burden an already overloaded federal docket. In recognition of that fact and of the strong interests of the litigants and the public in obtaining prompt resolution of cases, Congress enacted the Civil Justice Reform Act of 1990 ("CJRA"). Under the CJRA, federal courts must file public reports of all cases and pending motions of a certain age, including but not limited to social security cases that have been pending for more than ten months after an Administrative Transcript is filed.
[4]The undersigned very rarely grants more than three extensions in any civil case. Extensions of more than 30 days are also quite rare.

4

prejudice to the Plaintiff, the Court reluctantly will grant the motion for sixth extension up to and including January 25, 2022.  The Court anticipates that counsel will use this final extension wisely for the benefit of his client, and will either promptly move to withdraw (if he cannot fulfill his obligation to his client and this Court to timely prosecute this case) or will file the long-awaited Statement of Errors so that this case may proceed.

### III.     Conclusion and Order

Accordingly, **IT IS ORDERED THAT**:

1. Plaintiff's sixth motion seeking a further extension of time in which to file a Statement of Errors is **DENIED in part** and **GRANTED in part.**  The request for a further 60-day extension is denied but Plaintiff will be granted up to and including January 25, 2022 to file the Statement of Errors, WITH NO FURTHER EXTENSIONS TO BE GRANTED without exceptionally good cause shown.

2. Plaintiff is forewarned that a failure to timely comply with this order may lead to a recommended dismissal of this case for failure to prosecute.

       *s/ Stephanie K. Bowman*
       Stephanie K. Bowman
       United States Magistrate Judge